IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL ACTION H-15-346 |
| FAIZ AHMED | § § | |

**MEMORANDUM OPINION AND ORDER**

Defendant Faiz Ahmed, represented by counsel, filed a motion asking the Court to grant him a release to home confinement for the remainder of his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry No. 613.) The Government filed a response in opposition. (Docket Entry No. 614.)

Having considered the motion, the response, the record, and the applicable law, the Court DENIES the motion for the reasons shown below.

*Background*

Defendant is a 68-year-old male currently confined at Beaumont Low FCI Satellite Camp, a Federal Bureau of Prisons ("BOP") camp located in Beaumont, Texas. Following a seven-day trial in January 2017, the jury found him guilty of seven counts of health care fraud and one count of conspiracy to commit health care fraud. The Court sentenced him on November 29, 2018, to sixty months in prison, and ordered restitution in an amount in excess of $4 million. A final judgment was entered on December 12, 2018, which was affirmed by the Fifth Circuit Court of Appeals on November 4, 2019.

Currently, defendant has served 18 months of his 60 month sentence, or approximately 30% of his sentence. The BOP reports defendant's anticipated release date as May 9, 2023.

As grounds for relief, defendant states that he is 68 years of age and "has complained of chest pains, particularly when he exercises and has a family history of heart disease. He also has high blood pressure, high cholesterol, and he suffers from a painful herniated disc that requires him to sit up in bed to sleep." (Docket Entry No. 613, p. 2.) He asks the Court to grant him home confinement for the remainder of his sentence, because "other than habeas corpus proceedings in death penalty cases, few prior cases could have presented the potential life-or-death consequences that this case presents." *Id.*, p. 7.

### *Legal Standard*

Defendant brings his motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The court

2

also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. *Id*. *See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). The district court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id*.

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. This Court will refer to the Sentencing Commission's policy statement for guidance, without deciding whether it is binding in this context. The relevant policy statement outlines four categories of circumstances that may constitute extraordinary and compelling reasons for a sentence reduction:

(1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment;

(2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;

(3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or

(4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

U.S.S.G. § 1B1.13, Application Note 1. A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

3

Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

As provided in both section 3582(c)(1)(A) and the policy statement, a court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner. 18 U.S.C. § 3553(a). The policy statement also recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]" U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction and the defendant is found not to pose a risk of danger to the community, and it also finds that a sentence reduction is consistent with United States Sentence Commission policy statements.

## *Home Confinement*

As his primary relief, defendant asks the Court to release him to home confinement. As correctly argued by the Government in its response, the Court has no authority to order the release of an inmate to home confinement under 18 U.S.C. § 3582(c)(1)(A)(i).[1]

Decisions regarding prisoner housing designations, including release to home confinement, are reserved exclusively to the BOP, as they involve specialized determinations uniquely within its expertise. *See* 18 U.S.C. § 3621(b) (providing that the BOP shall designate the place of a prisoner's imprisonment, taking into account his security designation, his programmatic needs, his mental and medical health needs, his faith-based needs, the proximity to his primary residence, BOP's security concerns, and the recommendations of the sentencing court). Because the BOP has the exclusive authority to determine where a prisoner is housed, the district courts are without authority to order home confinement. *See United States v. Castillo*, No. 2:13-CR-852-1, 2020 WL 3000799, at *3 (S.D. Tex. June 2, 2020); *United States v. Miller*, No. 2:17-CR-015-D, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) ("[N]either the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement.").

---

[1] However, if a court grants a sentence reduction, it may "impose a term of . . . supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." Section 3582(c)(1)(A). In imposing a term of supervised release, the court may impose a period of home confinement as a condition of supervised release, provided that the court finds that home confinement is a "substitute for imprisonment." U.S.S.G. § 5F1.2; 18 U.S.C. § 3583(d). Alternatively, a court may consider modifying an existing term of supervised release to add a period of home confinement, consistent with U.S.S.G. § 5F1.2. *See* section 3583(e)(2).

Thus, this Court has no authority to release defendant to home confinement, and his motion seeking release to home confinement must be DENIED.

## *Exhaustion*

Even assuming the Court were authorized to grant defendant's request for home confinement, defendant has not shown that he exhausted his administrative remedies under section 18 U.S.C. § 3582(c)(1)(A)(i) prior to seeking judicial relief.

Defendant argues that he exhausted his administrative remedies because his daughter submitted a request for home confinement on his behalf:

> [Defendant's] attempts to obtain BOP agreement to release him have not succeeded. On April 23, 2020, one of his daughters . . . submitted a letter to BOP officials requesting [defendant's] release. By a letter dated May 4, 2020, Warden F.J. Garrido denied the request. [Defendant's] efforts to exhaust his administrative remedies have been fruitless.

(Docket Entry No. 613, p. 4.) Defendant further argues that, even if he had not exhausted his administrative remedies, it should be waived because COVID-19 poses a life or death emergency. *Id*., p. 5.

A copy of the response letter from BOP officials appears as an attachment to defendant's motion. *Id*., Exhibit 1. However, defendant did not submit a copy of the daughter's letter of April 23, 2020, and any correlation between the letter and administrative exhaustion under section 3582(c)(1)(A)(i) cannot be ascertained. In denying defendant's release to home confinement, the BOP letter stated as follows:

6

> In response to your request, the [BOP] is utilizing the full scope of its various authorities to ensure that inmates at heightened risk of complications from COVID-19 are identified and housed safely and appropriately given their specific needs and circumstances. This includes modified institution operations; routine staff and inmate medical screening; use of the home confinement authority, where appropriate, based on guidance from the U.S. Attorney General; and use of compassionate release for appropriate inmates who have existing terminal and debilitated medical conditions or who are elderly and nearing the end of their sentence, as provided for in current agency policy.
>
> The CARES Act authorizes the U.S. Attorney General to expand the cohort of inmates who can be considered for home confinement upon his findings of emergency conditions which are materially affecting the function of the BOP. *On April 3, 2020, the U.S. Attorney General made that finding and authorized the Director of the BOP to immediately maximize appropriate transfers to home confinement of all appropriate inmates held at FCI Oakdale, FCI Danbury, FCI Elton, and other similarly situated BOP facilities where COVID-19 is materially affecting operations.*
>
> *Staff reviewed inmate Ahmed under the current criteria and he was submitted to the Residential Re-Entry Center (RRC) for consideration for priority home confinement. The RRC reviewed inmate Ahmed for consideration for priority home confinement and determined that he did not meet the current criteria. Specifically, he was found to be ineligible due to not serving enough time. Inmate Ahmed was informed of this decision.*
>
> Pursuant to the Attorney[] General's direction, the BOP will continue to monitor the situation at all of its facilities to include FCC Beaumont, and will take swift action to exercise its expanded home confinement authority for any inmate who is found to be at risk for COVID-19 and suitable for home confinement.
>
> If inmate Ahmed wishes to challenge the denial of the home confinement request, please advise him to utilize the Administrative Remedy Program.

(Docket Entry No. 613, Exhibit 1, emphasis added.)

A careful review of the BOP's letter indicates that the denial of defendant's release to home confinement was made by the RRC pursuant to an independent review of defendant's eligibility and suitability for home confinement under the Attorney General's directive of April 3, 2020. That is, the RRC's consideration and review of defendant for home confinement was not undertaken in direct response to his daughter's letter of April 23, 2020. Nor did the BOP's response letter deny the daughter's request for home confinement in the first instance; to the contrary, it informed her of the RRC's earlier consideration and denial of defendant's release to home confinement. Consequently, the daughter's letter of April 23, 2020, did not constitute exhaustion of defendant's administrative remedies under section 3582(c)(1)(A)(i). Significantly, the response letter made no mention of section 3582(c)(1)(A)(i) or of any review of the factors for compassionate release under that provision.

For these reasons, and assuming that family members can exhaust administrative remedies for a BOP inmate under section 3582(c)(1)(A)(i),[2] defendant does not show that he exhausted his administrative remedies under section 3582(c)(1)(A)(i). The Court makes no determination as to whether exhaustion can be waived in an emergency situation, as defendant's instant motion provides no objective need for emergency consideration.

---

[2]*See*, *e.g.*, 28 C.F.R. §§ 571.61(a), (b), "Initiation of request—extraordinary or compelling circumstances" (stating that a request for a motion under 18 U.S.C. 3582(c)(1)(A) will ordinarily be submitted by the inmate, but further stating that the BOP processes a request made by another person on behalf of an inmate in the same manner as an inmate's request).

### *Extraordinary and Compelling Reasons*

Further, defendant does not establish "extraordinary and compelling" reasons for granting a compassionate release. He has not provided the Court with copies of any medical records establishing his medical conditions, their severity and current treatment, or any inability to provide self care. Nor does he demonstrate that he suffers from a medical condition that is terminal or that substantially diminishes his ability to provide self-care in a correctional environment, or that he is experiencing a serious deterioration in health due to the aging process and has served at least 10 years or 75% of his or her term of imprisonment. The Court notes that in his PSR, defendant reported being "in good health and [not taking] any daily medications." (Docket Entry No. 505, p. 14.)

"Extraordinary and compelling reasons" for a reduction in a defendant's sentence can be found if he has an underlying medical condition rendering him particularly susceptible to contracting COVID-19. Defendant alleges here that he is medically vulnerable to COVID-19 because he is 68 years old and "has complained of chest pains, particularly when he exercises and has a family history of heart disease. He also has high blood pressure, high cholesterol, and he suffers from a painful herniated disc that requires him to sit up in bed to sleep." (Docket Entry No. 613, p. 2.) As explained below, these factors do not give rise to extraordinary and compelling reasons for granting defendant's release from prison under section 3582(c)(1)(A)(i).

As of July 17, 2020, the Centers for Disease Control ("CDC") guidelines as to what conditions put a person at a greater risk for severe illness from COVID-19[3] report as follows:[4]

> People of any age with the following conditions **are at increased risk** of severe illness from COVID-19:
>
> > Chronic kidney disease
> >
> > COPD (chronic obstructive pulmonary disease)
> >
> > Immunocompromised state (weakened immune system) from solid organ transplant
> >
> > Obesity (body mass index [BMI] of 30 or higher)
> >
> > Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
> >
> > Sickle cell disease (a hemoglobin disorder)
> >
> > Type 2 diabetes mellitus
>
> Based on what we know at this time, people with the following conditions **might be at an increased risk** for severe illness from COVID-19:
>
> > Asthma (moderate-to-severe)
> >
> > Cerebrovascular disease
> >
> > Cystic fibrosis

---

[3] *See* CDC, *People who are at an Increased Risk for Severe Illness*, at https://www.cdc.gov/coronavirus/2019-ncov (last visited July 22, 2020).

[4] *See* CDC, People of Any Age: *Summary of Recent Changes*, updated 7/17/20, at https://www.cdc.gov/coronavirus/2019-ncov (last visited July 22, 2020) (original boldface, emphasis added).

*Hypertension or high blood pressure*

Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines

Neurologic conditions, such as dementia

Liver disease

Pregnancy

Pulmonary fibrosis

Smoking

Thalassemia (a hemoglobin disorder)

Type 1 diabetes mellitus

Neither the statutory and related provisions nor the CDC guidelines reference complaints of chest pain, a family history of heart disease, high blood pressure, high cholesterol, or a herniated disc as constituting an increased risk for severe illness from COVID-19. Nor does defendant's age, standing alone, constitute an extraordinary and compelling reason for granting relief. Consequently, defendant does not meet the threshold requirement of showing "extraordinary and compelling reasons" for relief under section 3582(C)(1)(A).

Although defendant may have legitimate concerns regarding COVID-19, he does not establish that the BOP cannot manage the outbreak within his correctional facility or that the facility is specifically unable to treat him, if he were to contract the virus and develop

COVID-19 symptoms, while incarcerated. This is particularly true in light of the fact that he is currently confined in a BOP satellite camp with only 444 other inmates.[5] He does not state that any inmates at the camp have been diagnosed with COVID-19.

Because defendant has not met his threshold burden of establishing extraordinary and compelling reasons for relief, the Court need not address sentencing considerations under section 3553(a).

### *Conclusion*

For the reasons set forth above, the Court DENIES defendant's motion for home confinement (Docket Entry No. 613).

Signed at Houston, Texas on July 27, 2020.

_____
Gray H. Miller
Senior United States District Judge

---

[5] https://www.bop.gov/locations/institutions/bml (last visited July 22, 2020).